665 So.2d 30 (1995)
Autry Lee JONES
v.
C. Paul PHELPS and Harry L. Shaheen.
No. 95 CA 0607.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Writ Denied February 2, 1996.
*32 Autry Lee Jones, Florence, Colorado, in proper per.
Tommy Rutledge, DeQuincy, for Harry L. Shaheen.
Before SHORTESS, PARRO and KUHN, JJ.
PARRO, Judge.
In this action for minimum wages, Autry Lee Jones ("Jones") appeals the judgment of the trial court dismissing his action with prejudice as being abandoned pursuant to LSA-C.C.P. art. 561. For the following reasons, this court affirms.

Facts and Procedural History
On November 21, 1978, Jones filed the instant action against Harry L. Shaheen ("Shaheen") as president of Sara Inc., C. Paul Phelps ("Phelps") as Secretary of the Louisiana Department of Corrections, and the State through the Department of Corrections ("the State") seeking to recover minimum wages for his work at the plasma unit while an inmate of the Department of Corrections.[1] Once his petition was filed, numerous pleadings were filed by all parties, including dilatory and declinatory exceptions by Shaheen and peremptory exceptions by Phelps and the State. Despite the responsive pleading by all defendants, Jones filed a motion for default judgment on January 8, 1979. The record does not reveal that Jones ever confirmed this motion or the judge ever acted on this preliminary motion.
On February 7, 1979, the trial court entered judgment sustaining the State's preemptory exception raising the objection of no cause of action and dismissed Jones' claims against the State. On March 8, 1979, Shaheen filed an answer. Thereafter, pursuant to the trial court's sustaining of Shaheen's declinatory exception raising the objection of improper venue, the matter was transferred from the Nineteenth Judicial District Court to the Twentieth Judicial District Court. Following the transfer, Jones filed a motion to amend his petition on May 31, 1979. The record discloses no further action in the prosecution or defense of this case for the next eleven years.
*33 On May 8, 1990, the plaintiff filed a notice of his intent to seek a summary judgment. In response to this motion, Phelps filed a motion and order to dismiss on the grounds of abandonment. On July 10, 1990, the trial court entered judgment dismissing Jones' claim against Phelps based on a finding of abandonment. Shaheen, the other remaining defendant, did not join in Phelps' motion to have the court enter a formal order of dismissal.
Between January 29, 1991, and November 16, 1994, Jones filed numerous pleadings in the trial court including the following: petition for writ of mandamus, motion to set a hearing on the motion for summary judgment, order for issuance of a writ of habeas corpus ad testificandum, letters to the court, second motion to amend the petition, and motion for a pretrial conference. On March 29, 1994, the trial court entered judgment denying the pending motions for summary judgment.[2]
The record reflects that no pleadings were filed by Shaheen after his March 8, 1979, answer until November 30, 1994, when a motion to enroll as counsel was filed on his behalf. At this time, Shaheen also sought a formal order of dismissal on the grounds of abandonment. In his motion, Shaheen observed that Jones took no steps in the prosecution of his action, nor did any of the remaining defendants take any steps in the defense of their case, for five years after his answer was filed. Considering this lack of activity, Shaheen argued that the suit was automatically abandoned under the provisions of LSA-C.C.P. art. 561.[3] After certification by the clerk of court that there was no final judgment in this matter, Shaheen's motion to dismiss was granted by the trial court. Jones appeals.
The sole issue before us is whether the trial court erred in dismissing this action on the ground of abandonment under LSA-C.C.P. art. 561, that is, whether Jones abandoned his lawsuit by his failure to take any steps to prosecute it and by the defendants' failure to take any steps in their defense from May 31, 1979 to May 8, 1990.

Abandonment
Generally, LSA-C.C.P. art. 561 provides "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years." By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) he take some "step" in the prosecution of the lawsuit; (2) he do so in the trial court; and (3) he do so within five years of the last "step" taken by any party. Chevron Oil Company v. Traigle, 436 So.2d 530, 532 (La.1983). A step in the prosecution or defense of an action within the meaning of article 561 is a formal move or action before the trial court intended to hasten judgment. Murphy v. Hurdle Planting & Livestock Co., Inc., 364 So.2d 167, 168 (La.App. 1st Cir. 1978), writ denied, 366 So.2d 562 (La.1979). Article 561 makes no distinction regarding which party must take a step in a suit's prosecution or defense. Therefore, action taken by any party is considered a step. Modeliste v. Sehorn, 94-1994, p. 3 (La.App. 4th Cir. 3/29/95), 653 So.2d 753, 756.
The policy underlying this requirement is the prevention of protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The purpose of Article 561 is to dismiss actions which have been abandoned. The article provides for dismissal of those cases in which a plaintiff's inaction during the legislatively ordained period has clearly demonstrated his abandonment. Melancon v. Continental Casualty Company, 307 So.2d 308, 312 (La.1975); Shulver v. Slocum, 566 So.2d 1089, 1091 (La.App. 2nd Cir.), writ denied, 569 So.2d 984 (La.1990).
*34 The law favors, and justice requires, that an action be maintained whenever possible so that the aggrieved party has his day in court to which he is entitled. See Chevron Oil Company v. Traigle, 436 So.2d at 532. Article 561 is to be liberally interpreted, and any action or step taken to move the case toward judgment should be considered. Shulver v. Slocum, 566 So.2d at 1091. Article 561 was not intended to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4th Cir.1976), writ denied, 341 So.2d 420 (La.1977). However, the plaintiff's intention to take a step in the prosecution of his claim without a step actually being taken is insufficient. Picone v. Lyons, 94-2428, p. 4 (La.App. 4th Cir. 4/26/95), 653 So.2d 1375, 1377.
There were undoubtedly steps by all parties in the prosecution and defense of this case for approximately one-and-a-half years after its institution by Jones. Thereafter, there was a period of approximately eleven years during which none of the parties took any action in this case. Jones at no point during the five-year prescribed period did anything to demonstrate before the trial court that he did not intend to abandon his lawsuit. After the passage of the five-year period for abandonment, when Jones attempted to take a step in the prosecution of his case by filing a motion for summary judgment, Phelps motioned the trial court for a formal order of dismissal in accordance with LSA-C.C.P. art. 561. The court properly granted Phelps' request for a formal order of dismissal.
The need for a formal motion for dismissal on the grounds of abandonment is addressed in LSA-C.C.P. art. 561 which provides "[t]his provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment." According to this article, the action against Phelps and Shaheen was abandoned by operation of law upon the parties' failure to take any step in its prosecution or defense in the trial court for a period of five years. It was unnecessary under the terms of this article for Phelps and Shaheen to file a motion with the court in order to make Jones' abandonment of this case effective. Considering the lack of any formal activity in the trial court for in excess of five years, this case was properly dismissed, unless one of the exceptions to the abandonment rule applies.
Two exceptions to the rule of abandonment have been recognized by the courts: (1) when the failure to prosecute was caused by circumstances beyond the plaintiff's control and (2) when the defendant waived his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. Melancon v. Continental Casualty Company, 307 So.2d at 311; Shulver v. Slocum, 566 So.2d at 1091.
The phrase "circumstances beyond the plaintiff's control" in the first exception contemplates events making it impossible for the litigant to act in his own behalf to take the requisite steps (e.g., parties in military service or confined to mental institutions). Haisty v. State, Department of Transportation and Development, 25,670, p. 4 (La.App. 2nd Cir. 3/30/94), 634 So.2d 919, 922; Courtney v. Henderson, 602 So.2d 95, 97 (La.App. 4th Cir.1992); Brown v. Edwards, 435 So.2d 1073, 1075-76 (La.App. 1st Cir.), writ denied, 441 So.2d 751 (La.1983). Jones argued that his incarceration in a Texas institution from 1981 to 1989 and the withdrawal of his counsel in 1988 were circumstances beyond his control which stalled the lawsuit and prevented him from prosecuting the matter further. The fact that Jones may have been incarcerated for a period of time while this case was pending or may have made unsuccessful attempts at engaging new counsel did not create a legal impediment which kept him from hastening the matter to judgment. At any time, Jones could have taken appropriate steps to move the litigation forward, but failed to do so.
Nor do we find that Shaheen waived his right to plead abandonment by taking action inconsistent with an intent to *35 treat the case as abandoned.[4] The record does not contain any formal action by Shaheen after March 8, 1979. There is no evidence that Shaheen did or said anything during the five-year period following May 31, 1979, that would have amounted to an acknowledgement so as to interrupt the five-year period, causing it to run anew. See Melancon v. Continental Casualty Company, 307 So.2d at 312. Although Jones attempted to take steps in the prosecution of his case in May of 1990 and afterwards, these actions were ineffective in reviving his case in light of his prior abandonment of it. See Semel v. Green, 211 So.2d at 304. In light of Jones' post-abandonment actions and the trial court's actions on his motions, Shaheen eventually filed a motion to enroll counsel and a motion for dismissal in order to have the court formally declare that Jones' claim against Shaheen had been abandoned. By none of these post-abandonment actions did Shaheen waive his right to plead abandonment.[5]
After a thorough review and evaluation of the law and record, we find that the trial court did not err in dismissing Jones' action against Shaheen on the ground of abandonment.

Decree
For the foregoing reasons, the trial court's judgment dismissing Jones' suit is affirmed. Costs of this appeal are assessed to Jones.
AFFIRMED.
NOTES
[1] The name of the Department of Corrections has been changed to Department of Public Safety and Corrections.
[2] Although the trial court's reasons for judgment indicated that Shaheen had filed a motion for summary judgment on August 8, 1979, the record does not contain any evidence of such a filing.
[3] In his motion to dismiss, Shaheen contended that the steps taken by Jones in the prosecution of his case after the passage of the five-year abandonment period was ineffective in reviving his claim, citing Semel v. Green, 252 La. 386, 211 So.2d 300 (1968), as support for his argument.
[4] Apparently, this jurisprudential rule regarding the waiver exception was legislatively incorporated into LSA-C.C.P. art. 561 and applies only in those instances where the defendant had taken some formal step in the defense of the suit within the five-year period of the plaintiff's inaction. Melancon v. Continental Casualty Company, 307 So.2d at 312, n. 2. Arguably, there is no longer a second exception to the rule of abandonment.
[5] Arguably, even if Shaheen had formally responded to Jones' post-abandonment motions, his formal action after the expiration of five years' inactivity would not have precluded him from seeking a dismissal on the grounds of abandonment. See Melancon v. Continental Casualty Company, 307 So.2d at 312, n. 2.