KUHN, J.
This is an appeal from a ruling by the trial court dismissing as abandoned because of non-prosecution a lawsuit to establish paternity filed by the State of Louisiana on behalf of Demetria Harris (“the State”). We amend to add the effective date of abandonment and affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On July 26, 1989, the State filed a petition to establish paternity of a minor child on behalf of Demetria Harris. Luis Enrique Ramos, the alleged biological father of Harris’s minor child, was named defendant. A February 19, 1991 entry in the official minutes of the court establishes that after a hearing wherein evidence was adduced, the trial court “granted judgment in favor of defendant, Luis- Ramos, and dismissed] the [State’s] petition .... ” The minute entry further provides, “Judgment to be signed when formal judgment is presented to the court.”
On June 12, 1997, over six years after oral rendition of the decision in favor of Mr. Ramos, the trial judge was presented with, and signed, a written judgment dismissing the State’s action against Mr. Ramos in accordance with the ruling on February 19,1991.
On June 19, 1997, the State filed a pleading entitled “Motion for Nullity and/or New Trial,” wherein it asserted, inter alia, that the lawsuit to establish paternity filed against Mr. Ramos on July 26, 1989, “was abandoned in accordance with C.C.P. art. 561 in that no steps were taken in its prosecution or defense in the *259 trial court for a period of five years.” [1] The State’s motion urged that the trial court therefore “must enter a formal order of |sdismissal as of the date of [its] abandonment.” In the alternative, the State’s motion requested a new trial.
After a hearing on the State’s motion, the trial court signed a judgment on September 24, 1997, ordering that the lawsuit to establish paternity filed against Mr. Ramos on July 26, 1989, (suit number 43,643 B) be dismissed as abandoned because of non-prosecution for five years. On October 3, 1997, Mr. Ramos filed a pleading entitled “Motion to Set Aside Dismissal,” challenging the propriety of the trial court’s September 24,1997 judgment. Apparently treating Mr. Ramos’s motion as one for new trial, after a hearing, the trial court denied the request to set aside the dismissal of the July 26, 1989 lawsuit. A judgment in conformity with that ruling was signed on December 2, 1997. From that judgment, Mr. Ramos suspensively appeals challenging the trial court’s dismissal of the July 26,1989 lawsuit as abandoned for non-prosecution.[2]
DISCUSSION
At the time this matter was before the trial court for consideration of the State’s motion for nullity, La. C.C.P. art. 561 provided in pertinent part:[3]
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.... This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
By its clear and unambiguous wording, article 561 requires three requirements to avoid dismissal of the action: (1) a party must take some “step” in the prosecution or defense of the lawsuit; (2) that “step” must have been taken in the trial court; and (3) that “step” must have been within five years of the last “step” taken by any party. La. C.C.P. art. 561; see Jones v. Phelps, 95-0607, p. 4 (La.App. 1st Cir. 11/9/95); 665 So.2d 30, 33, writ denied, 95-2907 (La.2/2/96); 666 So.2d 1104.
A “step” in the prosecution or defense of an action within the meaning of article 561 is a formal move or action before the trial court intended to hasten judgment. Id.- Article 561 makes no distinction regarding which party must take a step in the lawsuit’s prosecution or defense. Therefore, action taken by any party is considered a step. Id.
The purpose of La. C.C.P. art. 561 is to dismiss those cases in which the parties’ inaction during the legislatively ordained period of time has clearly demonstrated abandonment. See Willey v. Roberts, 95- *260 1037, pp. 4-5 (La.App. 1st Cir.12/15/95); 664 So.2d 1371, 1375, writ denied, 96-0164 (La.3/15/96); 669 So.2d 422.
In Nora v. Stanford, 93-3061 (La.2/14/94); 633 So.2d 1209, in a per cu-riam opinion, the Louisiana Supreme Court held that an action was properly dismissed as abandoned for non-prosecution for five years where plaintiff, after presenting sufficient evidence to obtain a confirmation of a default judgment, failed to obtain a signed judgment for nine years. Thus, we glean from Nora that the act of obtaining the trial judge’s signature to a written judgment, which commences new trial and appellate delays,[4] is clearly a “step” in the prosecution or defense of an action.
Applying these principles to the facts presently before us, and evaluating the plain language of article 561 in conjunction with the holding in Nora, it is evident that the failure of Mr. Ramos (a party) to take the “step” (of obtaining the trial judge’s signature to a | .¡¡written judgment in conformity with the oral decision) in the defense of the paternity action brought by the State within the five year statutory time period rendered the paternity action abandoned by operation of law.
Because the record indicates the trial court rendered its oral ruling on February 19, 1991, we conclude that the paternity action against Mr. Ramos filed by the State on July 26, 1989, was abandoned for non-prosecution as of February 20, 1996. Article 561 states that the abandonment “shall be operative without formal order.” Although Mr. Ramos presented the trial judge with a formal, written judgment on June 12, 1997, the action was already abandoned by that date. Thus, Mr. Ramos’s attempt to take a “step” in the defense of the paternity action on June 12, 1997, was ineffective in reviving the trial court’s ruling in his favor. See Jones, 95-0607 at p. 3 n. 3; 665 So.2d at 33 n. 3.
We note that the jurisprudence recognizes two exceptions to the rule of abandonment: (1) when the failure to prosecute or defend was caused by circumstances beyond the control of the party urging the action has not been abandoned; and (2) when the party who is asserting abandonment has waived his right to so plead “by taking action in the case inconsistent with an intent to treat the case as abandoned,” see Jones, 95-0607 at pp. 5-6 n. 4; 665 So.2d at 34-35 n. 4 (citing Melancon v. Continental Casualty Co. 307 So.2d 308, 311 (La.1975) and Shulver v. Slocum, 566 So.2d 1089, 1091 (La.App. 2 Cir.), writ denied, 569 So.2d 984 (La.1990)).
Mr. Ramos has not suggested, and we have not found anything in the record to indicate, that Mr. Ramos (the party urging the action was not abandoned) was precluded from taking the next step in the defense of the State’s action to establish paternity, i.e., obtaining the trial judge’s signature to a written judgment for circumstances beyond his control. Thus, the first judicially-recognized exception is inapplicable under the facts of this case. Nor do we find anything in the record indicating any formal action by the State in 1 (¿his lawsuit to establish paternity subsequent to the February 19, 1991 hearing. There is no evidence in the record indicating that the State said or did anything during the five year period following February 19, 1991, that would have amounted to an acknowledgement so as to interrupt the five-year period, causing it to run anew. See Jones, 95-0607 at pp. 5-6; 665 So.2d at 34-35.
Accordingly, we hold that under La. C.C.P. art. 561, when the trial court has orally rendered a decision but the successful party fails to present a formal judgment for signature for a period in excess of the statutorily-specified time and no other “step” in the prosecution or defense of the action has been taken, the action is properly dismissed as abandoned because of non-prosecution for five years, *261 unless the facts fall within the scope of the jurisprudentially recognized exceptions. In the case sub judice, the State’s action to establish paternity filed on July 26, 1989, against Mr. Ramos became abandoned effective February 20, 1996. Accordingly, the trial court’s conclusion that the July 26, 1989 lawsuit to establish paternity filed against Mr. Ramos by the State was abandoned is correct.
We note under article 561, the trial court is mandated to enter a formal order of dismissal “as of the date of [the action’s] abandonment.” Because the September 24, 1997, judgment ordering the State’s lawsuit abandoned fails to reference the effective date the action was abandoned, we amend the December 2, 1997 judgment denying Mr. Ramos’s motion to set aside the September 24, 1997 dismissal to provide as follows:
IT IS ORDERED, ADJUDGED and DECREED that pursuant to judgment signed on September 24, 1997, suit number 43,643 B [the State’s suit to establish paternity filed on July 26, 1989] is dismissed as abandoned as of February 20, 1996, because of non-prosecution of five years.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendant’s motion to set aside the dismissal by judgment signed on September 24, 1997, of suit number 43,643 B as abandoned for non-prosecution of five years is denied.
^CONCLUSION
For the reasons set forth herein, the trial court’s judgment denying Mr. Ramos’s “Motion to Set Aside Dismissal” is affirmed. The December 2, 1997 judgment denying defendant’s motion to set aside dismissal is amended to state that “suit number 43,643 B [the State’s suit to establish paternity filed on July 26, 1989] is dismissed as abandoned as of February 20, 1996, because of non-prescription for five years.” Costs of this appeal are assessed against Mr. Luis Enrique Ramos.
AFFIRMED AS AMENDED.
FOIL, J., dissents and assigns reasons.

. Although it does not appear within the record, both the Stale and Mr. Ramos have noted in their respective briefs to this court that on May 13, 1997, the State filed a second lawsuit against Mr. Ramos to establish paternity of the minor child of Demetria Harris.

. Mr. Ramos did not appeal the September 24, 1997 judgment declaring'the lawsuit to establish paternity filed against him on July 26, 1989, as abandoned, but instead appealed the judgment denying his motion to set aside, which the trial court apparently treated as a motion for new trial. An order denying a motion for new trial is generally a nonap-pealable judgment, reviewable only under supervisory jurisdiction for abuse of discretion. Core v. Winn-Dixie of Louisiana, Inc., 471 So.2d 240, 243 n. 3, writ denied, 476 So.2d 353 (La.1985). However, we conclude that this ruling on Mr. Ramos's new trial application is part of an unrestricted, overall appeal from a final judgment, and thus is properly before us on appellate review.

.Louisiana Code of Civil Procedure article 561 was amended in 1997 to reduce the time period for abandonment to three years. 1997 La. Acts No. 1221, § 1. Because under the facts of this case no steps were taken for a period in excess of six years, whether the earlier version or the current version of the statute applies is of no consequence.

. See La. C.C.P. arts. 1911, 1974 and 2087.