DOWNING, J.
The issues on appeal arise from actions the appellant, Louisiana Department of Environmental Quality (hereafter, “LDEQ”,) took to enforce a compliance order against the Appellee, Wayne L. Rottman, in district court. Eight years after it issued the Compliance Order, LDEQ filed an “Ex Parte Petition to Make Compliance Order Executory” in the 19th Judicial District Court pursuant to La.R.S. 30:2025. Subsequently, on motion of Mr. Rottman, the district court dismissed the “Ex Parte Petition to Make Compliance Order Executory” on November 22, 1999 on grounds that the action had been abandoned. Judgment of dismissal was signed *714 on December 2, 1999. LDEQ then filed this appeal.
For reasons stated, we affirm the judgment of the district court.
FACTS AND PROCEDURAL HISTORY
On June 13, 1991, LDEQ issued a Compliance Order to Wayne L. Rottman, the appellee herein. Mr. Rottman made an untimely request for hearing after he had been properly served and notified. A hearing officer denied his untimely request for a hearing. After follow-up inspections showed Mr. Rottman was not complying with the Compliance Order, the LDEQ decided to take steps to make its Compliance Order executory pursuant to La.R.S. 30:2025.
On July 13, 1999, some eight years after the Compliance Order was signed, the LDEQ filed its “Ex Parte Petition to Make Compliance Order Executory”. A district judge of the 19th Judicial District signed the judgment making the Compliance Order executory on July 16, 1999, which allegedly was served on Mr. Rottman on August 2, 1999. Mr. Rottman then filed an answer, although allegedly not within the time allowed under La.R.S. 30:2025.
He subsequently filed a motion to dismiss on grounds of abandonment under La.R.S. 30:2050.9. This statute provides as follows:
A compliance order or a penalty assessment is abandoned when the department fails to take any steps to obtain final enforcement action for a period of two years after the issuance of an order or an assessment.
The district court granted Mr. Rottman’s motion to dismiss on grounds of abandonment and signed a judgment dismissing the LDEQ petition. LDEQ then filed this appeal |3stating two assignments of error: that the two-year abandonment provisions of La.R.S. 30:2050.9 do not apply in this matter and that Mr. Rottman’s responses to the LDEQ petition were untimely.
DISCUSSION

Abandonment

LDEQ argues that La.R.S. 30:2050.9 does not apply to the Compliance Order at issue and that even if it does, LDEQ has not abandoned the Compliance Order because it has obtained final enforcement as contemplated by the statute. We disagree.
Section 5 of Acts 1995, No. 947 provides: “The provisions of this Act shall apply to ... all compliance orders issued or penalties assessed on or after the effective date.” Section 7 of Acts 1995, No. 947 provide that the effective date of this statute is January 1, 1996. LDEQ does not suggest that its Compliance Order had not been issued or was not enforceable on January 1, 1996. Therefore, in accordance with Section 5, La.R.S. 30:2050.9 applies herein in determining whether the Compliance Order at issue was abandoned. It is unnecessary to decide herein whether La. R.S. 30:2050.9 is to be implemented retroactively, or prospectively only, as more than two years passed between the effective date of this statute and the LDEQ’s attempt to enforce its Compliance Order by making it executory in East Baton Rouge Parish.
LDEQ further argues that the enforcement action was “final” when the Compliance Order was issued and Mr. Rottman did not make a request for a hearing within the time allowed by law. Conversely, Mr. Rottman argues that the Compliance Order was the first enforcement action, and that the “final” enforcement action came when the LDEQ filed its *715 “Ex Parte Petition to Make Compliance Order Executory”.
Applying the terms of La.R.S. 30:2050.9 as LDEQ suggests, no final Compliance Order issued under Chapter 2 of the Louisiana Environmental Quality Act, La.R.S. 30:2001, et seq., would ever be abandoned. This court has reviewed the extensive legislative history of La.R.S. 30:2050.9 and finds no substantive support for LDEQ’s interpretation. Rather, the policy underlying abandonment articles, “... is the prevention of protracted litigation ... filed for purposes of harassment or without a serious intent to | ¿hasten the claim to judgment.” Jones v. Phelps, 95-0607, p. 4 (La.App. 1st Cir.11/9/95), 665 So.2d 30, 33, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104.
As the record demonstrates, more than eight years passed between the issuance of the Compliance Order in June of 1991 and the filing of the “Ex Parte Petition to Make Compliance Order Executory” in the 19th Judicial District Court in July of 1999. Over three and one-half years had passed after the effective date of La.R.S. 30:2050.9 and the filing of the “Ex Parte Petition to Make Compliance Order Exec-utory”.
The Court concludes as a matter of law that filing the “Ex Parte Petition to Make Compliance Order Executory” in the 19th Judicial District Court is the final enforcement contemplated under La.R.S. 30:2050.9. Despite LDEQ’s claim that filing the “Ex Parte Petition to Make Compliance Order Executory” is permissive and discretionary, La.R.S. 30:2025(G)(2) mandates that the Louisiana Attorney General file an ex parte petition to make a Compliance Order executory where a party fails to perform the actions required in that order. The filing of a Petition to Make Compliance Order Executory is the final action provided by the Louisiana Environmental Quality Act to accomplish enforcement of the LDEQ Compliance Order. Further, using the issuance of the Compliance Order as the final enforcement action would render La.R.S. 30:2050.9 virtually meaningless as no action would ever be abandoned once a compliance order became finalized.
As the Louisiana Supreme Court observed in First Nat. Bank of Boston v. Beckwith Machinery Co., 90-2465, p. 8 (La.2/20/95), 650 So.2d 1148, 1153:
Courts should give effect to all parts of a statute, and not adopt a construction making any part superfluous or meaningless, if that result can be avoided. Additionally, “[t]he object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result.” (Citations omitted.)
As stated above, one of the purposes of abandonment articles is to prevent protracted litigation “without a serious intent to hasten the claim to judgment.” Jones, 665 So.2d, at 33. Like the Codal article at issue in Jones, 95-0607, at p. 4, 665 So.2d at 33, La.R.S. 30:2050.9 provides for dismissal of those cases in which the LDEQ’s inaction during the legislatively ordained period clearly demonstrates its abandonment of a Compliance Order.
| sThis court finds no error if the trial court’s dismissal of LDEQ’s petition.

Timeliness

LDEQ further argues as its other assignment of error that Mr. Rottman’s Motion to Dismiss on grounds of abandonment should not be considered because Mr. Rottman did not file any responsive pleadings within the time allowed by La. *716 R.S. 30:2025(G)(2)(c). LDEQ, however, has failed to demonstrate that Mr. Rott-man’s answer and motion to dismiss were untimely filed.
While the judgment making the LDEQ’s Compliance Order executory was signed on July 16, 1999, the record fails to indicate whether this judgment was ever served. La.R.S. 30:2025(G)(2)(c) provides as follows:
(c) The district court shall grant the relief prayed for and issue a judgment without a trial de novo of the facts supporting the order. Upon good cause shown and upon the posting of a bond in favor of the state as the court may require, a person against whom a judgment is rendered requiring specific compliance actions to be undertaken may within ten days of service of the judgment seek an extension, modification, or suspension of the judgment by summary proceeding. The hearing shall be limited to the issue of whether or not compliance has taken place, (emphasis added)
The only allegations of service are contained in LDEQ’s brief. The record contains no affidavits or proof of service of the judgment making its compliance order executory. As this court observed in South Cent. Bell v. Milton J. Womack & Associates, Inc., 97-2413, p. 3 (La.App. 1st Cir.11/6/98), 744 So.2d 635, 637, writ denied, 99-0644, (La.4/23/99), 742 So.2d 889.
The appellate briefs of parties are not a part of the record on appeal, and this court does not have the authority to consider facts referred to in appellate briefs, if those facts are not in the record on appeal. Therefore, these facts are not before this court and cannot be considered.
Also, Mr. Rottman’s motion to dismiss on grounds of abandonment is in the nature of a peremptory exception of prescription, which can be raised in the trial court at any time prior to submission of a case for a decision. La.C.C.P. Art. 928(B). As the Louisiana Supreme Court observed in Melancon v. Continental Cas. Co., 307 So.2d 308, 311 (La.1975):
Thus, both historically and theoretically, the rule on abandonment of actions is a species of liberative prescription, separate and distinct from the prescription of the substantive claim itself.
LThe motion to dismiss was raised prior to any litigation or decision on the merits of LDEQ’s petition and was, therefore, properly raised in the trial court.
Further, any formal action occurring after the two-year-abandonment period provided by La.R.S. 30:2050.9 would not preclude Mr. Rottman from seeking dismissal on the grounds of abandonment. Jones, 665 So.2d at 35. See also Melancon, 307 So.2d at 312, n. 2. Accordingly, we find no merit in LDEQ’s argument that Mr. Rott-man’s pleadings were not filed timely.
CONCLUSION
For the above and foregoing reasons, the December 2, 1999 judgment of the district court in favor of appellee, Wayne L. Rottman, dismissing the petition of the Louisiana Department of Environmental Quality is hereby affirmed. Costs in the amount of $435.49 are hereby assessed against appellant, the State of Louisiana through the Department of Environmental Quality.
AFFIRMED.
KUHN, J., concurs.