CHASEZ, Judge.
On May 5, 1960 Alex Semel filed a petition for executory process in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, alleging that he is the holder of a promissory note executed by Otis Green in the sum of $2300.00, said note being paragraphed for identification with an act of mortgage wherein Otis Green mortgaged certain described immovable property; and that the mortgage contained a confession of judgment whereby the property might be seized and sold for cash under executory process, without appraisement, should the mortgagor default in his obligations under the note and mortgage. Alleging default on the note, the petitioner prayed that an order of executory process issue. This order was signed by the Court on May 11, 1960.
On May 23, 1960 a rule to show cause was filed on behalf of the defendant, Otis *418 Green, suggesting to the Court that Alex Semel had been named defendant by Otis Green in a suit entitled Otis Green v. Best Contracting Company, Inc. Alexander Semel, Jr. and Evelyn D. Labourdette, bearing the number 54-762 in the 24th Judicial District Court, in which petitioner prayed that the mortgage be cancelled, or alternatively that judgment be rendered in his favor for $2300.00; a notice of Lis Pendens relating to the mortgaged property was filed therein; and exceptions rationae personae which were filed by Alexander Semel were set to be heard therein on September 9, I960. An order was signed by the Court setting the rule to show cause “why execu-tory process should not be vacated in this cause, and why this cause should not be consolidated with #54-762 * * * ” to be heard on September 9,1960. The petition in suit 54-762 was annexed to the rule to show cause.
This rule was never tried, it being followed on May 25, 1960 by a petition for an injunction to arrest the sale, which reiterated much of the substance of the rule to show cause, and also alleged that fraud in obtaining his signature on the mortgage and note had been plead by Otis Green in suit 54 — 762, and that Otis Green would suffer irreparable damage by the seizure and sale. A preliminary restraining order was granted and a hearing for a preliminary injunction was set for June 1, 1960 and continued until June 10, 1960. On June 10, 1960 an exception was filed to the petition for injunction on the ground that it failed to state a cause of action.
The Court rendered a written judgment on June 13, 1960 overruling the exception and granted a preliminary injunction prohibiting Alexander Semel and the Sheriff for the Parish of Jefferson from proceeding further with the executory process until the further orders of the Court.
On January 21, 1966 Alex Semel moved to dismiss the injunction proceedings on the ground that more than five years had elapsed since the plaintiff had obtained the preliminary injunction and the plaintiff had not prosecuted his suit any further.
On February 14, 1966 Otis Green moved to consolidate this case with suit 54-762 of the Docket of the 24th Judicial District Court, which motion was never granted by the Court.
On September 6, 1966 the Court below, finding that no action to prosecute or defend was taken by either litigant for five years prior to the filing of the rule to dismiss herein, rendered judgment dismissing both the injunction proceeding and the ex-ecutory process proceedings, since it was of the opinion that Article 561 of the Code of Civil Procedure governing dismissal of actions for abandonment and lack of prosecution was applicable to both proceedings and neither party had taken any action in these matters for over five years. Article 561 was deemed to be self-operative by the Court below.
From this judgment an appeal was lodged by Alex Semel. Otis Green did not answer this appeal and did not appeal in his own behalf.
Appellant contends that while the dismissal of the injunction was proper, Article 561 of the Code of Civil Procedure should not have been applied to his suit for executory process for two reasons: (1) There was no motion to dismiss his action and Article 561 may not be applied ex proprio motu; (2) There is no voluntary abandonment of a suit and no laches where inaction of the litigant was caused by circumstances over which he had no control.
The record discloses in this case that the judgment granting the preliminary injunction was in effect during this interim of five years and appellant was prohibited from proceeding with the executory process “until the further orders of the Court”.
The appellee however urges that dismissal of the executory process action was proper since the preliminary injunction was not granted under such circumstances as to pre *419 vent the litigant from acting since he could have moved for the dissolution or modification of the injunction upon notice to the adverse party.
Against the first contention of the appellant, the appellee cites the case of Evans v. Hamner, 209 La. 442, 24 So.2d 814 (1946).
The record discloses that the appellee filed a motion in which he additionally contends that while the appellant seeks an order to dismiss the injunction enjoining him and the Sheriff from proceeding with a foreclosure for alleged failure to prosecute the suit, the appellant has waived his right to dismissal under the Code of Civil Procedure, Article 561, by coupling the motion with a plea that would allow the executory process to proceed and requested the Court to consolidate the matters and set the case for trial.
We find ourselves in agreement with the appellant in this case. This record does not disclose that there was a voluntary abandonment of the executory process filed by the appellant herein.
The judgment of the Court granting the preliminary injunction effectively prohibited appellant from legally acting.
We also find from the text of the motion to dismiss filed by the appellant herein that he did not waive any rights he had under Article 561 of the Code of Civil Procedure and the motion itself contains no plea to prosecute the litigation to the detriment of appellant’s right to have the litigation dismissed on the ground of voluntary abandonment and lack of prosecution.
Having reached these conclusions in the matter, there is no necessity of discussing any other contentions of the appel-lee herein. Therefore the judgment of the Court dismissing the action of the appellant for executory process is reversed and that part of the case is remanded for further proceedings in accordance with law. Since the appellee has not answered the appeal herein and has not appealed in his own behalf we shall not look into the correctness of the judgment rendered insofar as it applies to the dismissal of the injunction and that portion of the judgment dismissing the injunction proceeding filed by the appellee, Otis Green, against the executory process will not be disturbed. All costs shall be borne by appellee.
Affirmed in part, reversed in part and remanded.