McCALEB, Justice.
 

 On May 5, 1960 plaintiff instituted foreclosure proceedings on a $2,300 mortgage granted by defendant on his home in Jefferson Parish, alleging that defendant has defaulted on payments due on the mortgage note and praying that an order of executory process issue. The suit was numbered 56,-051 of the docket of the Twenty-Fourth
 
 *389
 
 Judicial District Court and, in conformity with plaintiff’s prayer, defendant was served with a notice of demand for payment as provided by Article 2639, CCP. On May 11, 1960 an order for executory process was signed by the judge.
 

 On May 23, 1960 defendant appeared and moved the court to vacate the order of executory process, alleging in substance that the purported mortgage was secured through misrepresentation and fraud; that he had agreed to have a company, known as Best Contracting Company, Inc., put a new roof on a certain place of business owned by him in Westwego, Louisiana, for the price of $700; that agents of this company brought him to New Orleans to execute the agreement; that he is an uneducated man being unable to read and write (except his signature), and that it was represented to him that he was signing a contract to pay $700 in monthly installments of $20, when in truth and in fact he executed a mortgage on his home for $2,300 payable in installments to plaintiff.
 
 [1]
 

 On the showing made, a rule issued for plaintiff to show cause why the executory process should not be vacated and why the case should not be consolidated with No. 54,762, in which defendant was seeking to have the mortgage note and mortgage dedared null and erased from the mortgage records of Jefferson Parish. During the pendency of this rule and as an adjunct thereto, defendant sought a preliminary injunction prohibiting plaintiff and the Sheriff of Jefferson Parish from seizing, selling or attempting to sell his home in the executory proceedings, and a rule nisi was issued for plaintiff to show cause on June 1, 1960 why a preliminary injunction should not be granted as prayed for in accordance with law. A temporary restraining order was granted and after a hearing on June 13, 1960, the court issued a preliminary injunction prohibiting plaintiff and the Sheriff of the Parish of Jefferson “ * * * from further proceeding under the order for executory process issued herein until further orders from this Court.”
 

 Thereafter, no further action was taken in the case by plaintiff until January 21, 1966, at which time he filed a motion to dismiss the preliminary injunction on the ground that more than five years had elapsed since it had been secured by defendant, who had failed to take any further steps in its prosecution. Pursuant to this motion, a rule issued for the defendant to show cause why the injunction should not be dismissed by reason of abandonment in accordance with Article 561, CCP.
 

 
 *391
 
 Defendant opposed plaintiff’s motion and, after hearing, the judge resolved that, since there was but one lawsuit, he could not dismiss the injunction which had been granted to defendant without also dismissing the entire executory proceeding, inasmuch as neither party had taken any steps in the prosecution of the case for more than five years. He accordingly decreed that the case be dismissed pursuant to Article 561, CCP.
 

 Plaintiff appealed from the adverse judgment, contending the judge erred in dismissing the entire suit as his inaction in the prosecution of the executory process was attributable to circumstances beyond his control and that he did not voluntarily abandon his demand. Plaintiff also asserted that the judge was without authority to dismiss his demand as defendant did not file a motion to dismiss, and Article 561, CCP, may not be invoked ex proprio motu. The Court of Appeal reversed the judgment of the district court theorizing that, since the district judge had granted a preliminary injunction, plaintiff was effectively prohibited from taking any steps in the prosecution of his case and, hence, it could not be said that he voluntarily abandoned the suit for executory process. Plaintiff’s demand was accordingly reinstated and the case was remanded for further proceedings therein. However, the judgment below was apparently viewed as two separate decrees instead of one and allowed to stand, insofar as it affected the preliminary injunction, on the premise that defendant had not appealed from that part of the judgment adverse to him.
 
 [2]
 
 See Semel v. Green, La.App., 202 So.2d 417.
 

 On defendant’s application we granted certiorari, and the matter has been argued and submitted for our determination.
 

 Article 561, CCP, which constitutes an extension of the provisions of Article 3519 of the Civil Code so as to include inaction by parties defendant in certain instances provides, so far as it is pertinent here, that:
 

 “An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or (sic) dismissal as of the date of its abandonment.”
 

 We think the Court of Appeal erred in ruling that plaintiff was prohibited from taking any steps in the prosecution of the executory process proceeding because the trial court had issued a preliminary injunction restraining plaintiff and the sher
 
 *393
 
 iff from proceeding further with the executory process until further orders of the court. Plaintiff, if he had so desired, could have moved that the case be fixed for trial for determination of whether or not permanent injunction should be granted. His right to do this was uninhibited. Actually, there was no necessity for defendant to do anything. He had secured a judgment which, although interlocutory in nature, remained extant until further orders of the court. This judgment was appealable (Article 3612, CCP) and, in these circumstances, further action in the litigation primarily rested on plaintiff, for he could have appealed within the time prescribed by law or, as stated above, moved to set a hearing of the temporary injunction for final determination on its merits. Defendant, on the other hand, having secured the injunction, had obtained the relief he desired by judgment, even though it was not final, and, in view of this, he was not obliged to take further steps in the prosecution of his defense to the executory proceeding.
 

 There was but one case before the court, i. e., a proceeding for executory process, as the trial judge correctly concluded. And, while it is true under Article 561, CCP, that certain incidental actions brought in reconvention may now be dismissed as abandoned when the defendant has failed to take any steps in the prosecution thereof for five years,
 
 [3]
 
 this provision is not apposite here for the reason that an injunction to arrest an executory proceeding is a defense (Articles 2642 and 2751, CCP) and may be filed, as here, in the executory proceeding (Article 2752, CCP). It is not an incidental action which includes only claims in reconvention, intervention and demands against third parties as provided by Article 1031, CCP.
 

 Plaintiff also contends that the district judge was without right to dismiss the executory process proceeding in entirety because defendant did not move for such dismissal and that Article 561, CCP, does not authorize dismissals, ex proprio motu.
 

 We find no merit in this proposition. It has long been the established jurisprudence that, whenever a plaintiff allows five years to elapse without having taken any steps in the prosecution of his demand, the suit is considered abandoned and any action thereafter taken by him is inefficacious. See Evans v. Hamner, 209 La. 442, 24 So.2d 814, and the many authorities there cited. That case was decided under the provisions
 
 *395
 
 of the second paragraph of Article 3519 of the Civil Code. This Civil Code article was the. source of Article 561, CCP, and, as shown by the reporter’s comments, Article 561 was patterned on the jurisprudence then existing, as expounded in Evans v. Hamner, and other cases.
 

 Indeed, Article 561 declares that the five year prescription “ * * * shall be operative without formal order * * ”, and that, on ex parte motion of any party, the trial court shall enter a formal order of dismissal of the case. In the matter at hand, there was more than an ex parte motion requesting dismissal, for plaintiff himself filed a motion to dismiss the preliminary injunction arresting the- executory proceeding, and the issue was tried contradictorily by the parties litigant. Under such conditions the judge acted wholly within the scope of his power in finding that there was but one proceeding which plaintiff had abandoned under the clear provisions of Article 561, CCP, by failing to take any steps in the prosecution of this case for more than five years.
 

 For the reasons assigned, the judgment of the Court of Appeal is annulled and reversed, and it is now ordered that the decree of the district court be reinstated and affirmed at plaintiff’s costs.
 

 HAMITER, J., concurs in the result.
 

 [1]
 

 . These allegations were incorporated in a rule to show cause filed by defendant by reference to a copy of a petition filed by him on February 17, 1960 against the Best Contracting Company, Inc., the contractor, Evelyn D. Labourdette, the nominal mortgagee, and plaintiff, the real party in interest.
 

 [2]
 

 . This part of the Court of Appeal opinion is palpably erroneous forasmuch as the record shows that the trial judge rendered a single indivisible judgment ordering “ * * * that this suit be dismissed for the lack of prosecution for more than five years in accordance with Code of Civil Procedure Article 561.”
 

 [3]
 

 . In Carmody v. Land, 207 La. 652, 21 So.2d 764 (1945), this Court held that Article 3519(2) of the Civil Code (then in effect) was applicable only to principal demands. As pointed out in the reporter’s comments on Article 561, CCP, its provisions extend to certain affirmative demands of defendants designated as “incidental actions”.