McCALEB, Justice
(concurring).
While I believe this case has been correctly decided even though Article 681 C.C. P. is considered applicable to the question *717 at issue, I doubt that the Article has relevance because, when an executory proceeding is sought to be arrested by injunction, the remedy is employed as a defense and should not be regarded as an action within the meaning of that term as used in Article 681 and as defined by Article 421 C.C.P.
Article 681 is the first article contained in Chapter 2 of Title III of the Code of Civil Procedure, under the subheading “Parties Plaintiff”, and it provides in substance that, except as otherwise provided by law, “ * * * an action can be brought only by a person having a real and actual interest * * *.” Article 421 defines a civil action to be “ * * * a demand for the enforcement of a legal right. * * * ”
In the case at bar, Mrs. Celestan is not-asserting a demand for the enforcement of a civil right. Rather, as a party defendant in executory proceedings, she is employing the defensive procedure of injunction accorded her by Article 2751 C.C.P. for arresting the seizure and sale on the ground that the mortgage sought to be foreclosed is legally unenforceable. Indeed, Article 2642 C.C.P. specifically recognizes the remedy of injunction as a defense to executory proceedings for it states, “Defenses and procedural objections to an executory proceeding may be asserted * * * through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754 * * *.” See Semel v. Green, 252 La. 386, 211 So.2d 300 (1968).
I respectfully concur in the result.