743 So.2d 874 (1999)
FAMILY FEDERAL SAVINGS & LOAN ASSOCIATION OF SHREVEPORT, Plaintiff-Appellant,
v.
Hilry HUCKABY, III, et ux., Defendants-Appellees.
No. 32,456-CA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1999.
William A. Fogleman, Baton Rouge, Counsel for Appellant.
M. Thomas Arceneaux, Shreveport, Counsel for Appellees.
Before GASKINS, KOSTELKA, DREW, JJ.
KOSTELKA, J.
In this suit on a promissory note secured by a mortgage, plaintiff appeals the trial court's dismissal of its action for want of prosecution. Finding that the action was, indeed, abandoned, we affirm.

*875 Procedural Background

On March 8, 1990, Family Federal Savings and Loan Association of Shreveport ("Family Federal") filed suit against Hilry Huckaby, III and Pearl Aaron Huckaby to recover a debt represented by a promissory note secured by a collateral mortgage. The Huckabys answered the petition on March 28, 1990 and filed a preliminary discovery motion the following day. Nothing further transpired in the trial court until May 22, 1997, when Security National Partners Limited Partnership ("Security National") filed a Motion to Substitute Party in Interest.[1]
During that seven-year period of trial court inactivity, the Huckabys filed a voluntary petition in bankruptcy court on November 2, 1993, which resulted in an automatic stay order. The bankruptcy was discharged in May 1994 and an order to lift the stay was granted on February 27, 1995.
Pursuant to the Huckabys' request, the trial court dismissed Security National's suit as abandoned in a judgment dated December 30, 1998. Specifically, the court found that "the record presented establishes that for a period in excess of five years, exclusive of that period of time during which these proceedings were suspended because of the pending bankruptcy proceedings, no steps were taken in the prosecution of this matter." Security National appeals.

Discussion
Under the provisions of La. C.C.P. art. 561 applicable to this matter, an action is considered abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.[2] Article 561 states that the abandonment is operative without formal order, and the jurisprudence indicates that any steps taken by the plaintiff after abandonment has accrued are ineffective. See Semel v. Green, 252 La. 386, 211 So.2d 300 (1968). A party takes a "step" in the prosecution or defense of the suit when he takes formal action, before the court, intended to hasten the matter to judgment. Haisty v. State, DOTD, 25,670 (La.App.2d Cir.03/30/94), 634 So.2d 919. Clearly, actions taken before a federal bankruptcy court do not constitute steps taken before the state district court. Cf. Sassau v. Louisiana Workover Service, Inc., 607 So.2d 809 (La. App. 1st Cir.1992), writ denied, 609 So.2d 259 (La.1992).
Nevertheless, our review of the jurisprudence reveals no case squarely addressing what effect the filing of a voluntary petition in bankruptcy by a defendant has upon the running of the time period for abandonment set forth in La. C.C.P. art. 561. We can resolve the issue, however, by reasoning by analogy to the effect a bankruptcy petition might have upon the running of liberative prescription.
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C.P. art. 3447. Prescription is interrupted when an obligee commences an action against the obligor in a court of competent jurisdiction and venue, La. C.C. art. 3462, and such an interruption of prescription continues as long as the suit is pending. La. C.C. art. 3463. If prescription is interrupted, the time that has run is not counted; prescription commences to run anew from the last day of the interruption. La. C.C. art. 3466. On the other hand, prescription is suspended between spouses during marriage, parents and children during minority, tutors and *876 minors during tutorship, curators and interdicts during interdiction, and caretakers and minors during minority. La. C.C. art. 3469. The period of suspension is not counted toward accrual of prescription; prescription commences to run again upon the termination of the period of suspension. La. C.C. art. 3472.
Under the prescriptive articles discussed above, prescription is interrupted by plaintiffs filing suit in the trial court. By filing suit, the plaintiff has made a positive demonstration of his intent to seek legal redress of his rights. On the other hand, suspension of prescription results from a legal impediment that prevents one party from taking legal action against another. The suspension lasts only as long as the impediment; thus, prescription between spouses is only suspended during marriage, and prescription between parent and child is only suspended during minority. We further observe that it is the legal relationship between the parties that causes suspension; and that relationship exists separately from the cause of action for which prescription is suspended.
As previously discussed, an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for the period set by law. A formal move or action before the trial court stops the abandonment from running, and the abandonment period then must begin anew. Accordingly, an analogy may be drawn between the positive legal step (filing suit) necessary to interrupt liberative prescription, and the formal move or action in a Louisiana trial court necessary to interrupt the abandonment period.
In contrast, a defendant's filing of a petition in bankruptcy is not a formal move or action before a Louisiana trial court. Instead, it is an action taken in a federal bankruptcy court, the immediate result of which is to preserve the status quo via an automatic stay under the Bankruptcy Code. Federal law prevents further actions in the state court proceedings during the existence of the automatic stay, just as state law prevents legal actions between spouses during marriage or parents and children during minority. Once the automatic stay in bankruptcy is lifted, legal proceedings may go forward; once a marriage ends or children reach the age of majority, legal proceedings may go forward. Accordingly, an analogy may be drawn between the legal impediment to an action (the legal relationship between the parties) that suspends liberative prescription, and the legal impediment to proceeding with an action (the automatic stay) that is effective after a petition in bankruptcy is filed.
For the reasons set forth above, we conclude that, at best, the filing of a petition in bankruptcy suspends, rather than interrupts, the legal period for abandonment of actions set forth in La. C.C.P. art. 561. Under the instant scenario, some three years and seven months elapsed between the Huckabys' discovery motion and their bankruptcy petition. Security National then waited some two years and three months after the bankruptcy stay was lifted before filing its motion to substitute parties. Accordingly, upon excluding the suspended period, well more than five years passed with no steps taken toward the prosecution or defense of this suit.
Furthermore, we observe that the jurisprudence is unsettled as to whether the filing of a petition in bankruptcy by defendant even suspends the running of liberative prescription. Thus, it also is unclear that the filing of a petition in bankruptcy by defendant would suspend the running of the time for abandonment of actions. In Rogers v. Corrosion Products, Inc., 42 F.3d 292 (5th Cir.1995), cert. denied, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995), a diversity case in which the federal court applied the substantive law of Louisiana, the court observed that the Louisiana Supreme Court has not decided whether the judicial doctrine of contra non valentem, which suspends the running of prescription, applies to proceedings stayed by bankruptcy filings. However, the court in *877 Rogers was required to anticipate how the Louisiana Supreme Court would rule on that issue. After reviewing Louisiana statutory law and jurisprudence, the court held that contra non valentem does not suspend the running of the prescriptive period when an automatic stay is imposed under the Bankruptcy Code. At the same time, the court concluded that the provisions of 11 U.S.C. § 108(c) extend the period in which a party must file suit in order to preserve its claim for "whatever period the stay is in force plus thirty days." Rogers, 42 F.3d at 297.
We need not rule today on the issue of whether or not a defendant's filing a petition in bankruptcy suspends the abandonment period of La. C.C.P. art. 561. Instead, it is enough to hold that such a bankruptcy filing does not interrupt the abandonment period.

Conclusion
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Family Federal had been placed in receivership and certain of its assets, including the note and mortgage at issue, were acquired by the Resolution Trust Corporation. Those assets were transferred to various parties before ending up in the possession of Security National.
[2] Per Acts 1997, No. 1221 § 1, effective July 1, 1998, the period of abandonment has been shortened to three years.