752 So.2d 367 (2000)
Edna Marie Dawson WASHINGTON
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 99 CA 1987.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
*368 Otha Curtis Nelson, Sr., Baton Rouge, for Plaintiff-Appellant Edna Marie Dawson Washington.
Michael E. Ponder, Parish Attorney, Randy B. Ligh, Assistant Parish Attorney, Baton Rouge, for Defendant-Appellee City of Baton Rouge/Parish of East Baton Rouge.
Before: FOGG, KUHN, and GUIDRY, JJ.
FOGG, J.
Plaintiff, Edna Marie Dawson Washington, appeals a judgment of the district court dismissing her action as being abandoned pursuant to LSA-C.C.P. art. 561. We affirm.
On January 2, 1992, plaintiff brought the instant suit against the City of Baton Rouge/Parish of East Baton Rouge, claiming she sustained personal injuries as a result of a public street being resurfaced or repaired in a defective manner. Defendant answered the suit on February 12, 1992. No other entries appear in the court record until November 23, 1998, when plaintiff filed a motion to set for trial and/or fix status conference. On December 10, 1998, defendant brought a motion to dismiss on the ground of abandonment under LSA-C.C.P. art. 561, which the trial court granted. Plaintiff now appeals.
The applicable version of LSA-C.C.P. art. 561 provides that an action is considered abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.[1] The article requires three things of the plaintiff: (1) that he take some "step" in the prosecution of his suit, (2) that he do so in the trial court, and (3) that he do so within five years of the last "step" taken by either party. Parson v. Daigle, 96-2569 (La.App. 1 Cir. 12/29/97), 708 So.2d 746.
The policy underlying this requirement is the prevention of protracted litigation filed for purposes of harassment or without serious intent to hasten the claim to judgment. Jones v. Phelps, 95-0607 (La.App. 1 Cir. 11/9/95), 665 So.2d 30, writ *369 denied, 95-2907 (La.2/2/96), 666 So.2d 1104. LSA-C.C.P. art. 561 provides for dismissal of those cases in which a plaintiffs inaction has clearly demonstrated his abandonment. Melancon v. Continental Casualty Company, 307 So.2d 308 (La. 1975).
LSA-C.C.P. art. 561 states that the abandonment is operative without formal order. Thus, it is unnecessary for a defendant to file a motion to dismiss with the court in order to make a plaintiff's abandonment of the case effective. See Jones v. Phelps, 95-0607, p. 5, 665 So.2d at 34.
In the present case, the court record is devoid of any pleading for a period of nearly seven years, from February 12, 1992 until November 23, 1998. Plaintiff initially relies on two activities during this period, which she maintains qualify as steps in prosecution: (1) formal discovery dated February 27, 1993, which was filed into the court record on May 21, 1999, and (2) various correspondence between counsel dated January 14, 1992, March 8, 1993, and May 4, 1993, which was not filed into the court record.[2] The period between the formal discovery or correspondence and November 23, 1998, when plaintiff filed the motion to set for trial and/or status conference, is in excess of the five year abandonment period. Therefore, without addressing whether these activities qualify as steps in prosecution, we find that plaintiffs reliance on these activities is without merit.
Alternatively, plaintiff asserts that a motion to enroll as counsel and a request for written notice filed on February 10, 1999, as well as an amended petition filed on March 29, 1999,[3] should preclude dismissal for abandonment. Clearly, each of these items was filed after the action was considered abandoned by operation of law. Therefore, even if we accepted that these items constituted steps in prosecution, the jurisprudence indicates that any steps taken after abandonment has accrued are ineffective. See Semel v. Green, 252 La. 386, 211 So.2d 300 (1968); Family Federal Savings & Loan Association of Shreveport v. Huckaby, 32-456 (La. App. 2 Cir. 10/27/99), 743 So.2d 874. Accordingly, plaintiff's reliance on these activities also is without merit.
For the reasons stated above, we conclude that this case was properly dismissed on the ground of abandonment under LSA-C.C.P. art. 561. The judgment of the trial court is affirmed, at plaintiffs cost.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 561 was amended to reduce the time period for abandonment from five years to three years by 1997 La. Acts No. 1221, § 1, effective July 1, 1998. Because herein we conclude that the action was abandoned by operation of law prior to the effective date of the amendment, the old version of LSA-C.C.P. art. 561 applies.
[2] Although in her brief to this court, plaintiff claims these letters were filed into the court record as an attachment to her memorandum in opposition to defendant's motion to dismiss, the record does not contain any evidence of such a filing.
[3] Plaintiff sought leave of court to file the amended petition as required under LSA-C.C.P. art. 1151; however, the trial judge never signed the order.