828 So.2d 599 (2002)
Tiffany PICHON
v.
Betty C. REYNOLDS, Regional Transit Authority, and Transit Management of Southeast Louisiana, Inc.
Ernest Antoine, Jr.
v.
Betty Reynolds, Regional Transit Authority, and Transit Management Of Southeast Louisiana, Inc.
Nos. 2002-CA-0044; 2002-CA-0045.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 2002.
Rehearing Denied October 31, 2002.
*600 Mark N. Caracci, Kurt P. Forshag, Martiny & Caracci, Metairie, LA, for Plaintiff/Appellant, Ernest Antoine, Jr.
Ranord J. Darensburg, Regional Transit Authority, New Orleans, LA, for Defendants/Appellees, RTA & TMSEL.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., and Judge DAVID S. GORBATY).
DENNIS R. BAGNERIS, Sr., Judge.
This appeal challenges the dismissal of a lawsuit on the basis of abandonment. We affirm.
On March 6, 1996, Ernest Antoine, Jr. ("Antoine") was involved in a motor vehicle accident in New Orleans, Louisiana. Antoine was driving his vehicle in a southerly direction on Almonaster Boulevard when he was struck by a Regional Transit Authority Bus ("RTA") being operated by Betty Reynolds ("Reynolds"). Antoine sustained injuries as a result of the accident.
On February 27, 1997, Antoine filed a lawsuit naming as defendants, Reynolds, RTA and Transit Management of Southeast Louisiana, Inc., ("TMSL").
On June 26, 1997, Reynolds RTA and TMSL filed a motion to transfer and consolidate their case with two related cases, case number 97-01623 and case number 96-1580. The trial court granted the motion to transfer and consolidate.
On July 1, 1997, Reynolds, RTA and TMSL filed their answer to the lawsuit filed by Antoine. On June 16, 1998, Antoine filed a motion to set for trial on the merits. The trial court set a pre-trial conference for July 6,1998.
On July 11, 2001, Antoine filed a motion to set a status conference. The trial court set the status conference on September 19, 2001. Settlements had been reached in the other consolidated cases so only counsel for Reynolds, RTA, and TMSL were served.

DISCUSSION
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La.C.C.P. art. 561. The rule implicates two competing policies. The prevention of protracted litigation, filed for purposes of harassment or without serious intent to hasten the claim to judgment, is balanced against the maintenance of an action whenever possible so as to afford an aggrieved party his day in court. Brister v. Manville Forest Products, *601 32,386 (La.App.2d Cir.12/15/99), 749 So.2d 881.
In keeping with the self-operative effect of the abandonment provision, our Supreme Court has said that formal action "before the court and on the record" is necessary for a "step" in the prosecution. Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). "In this way, examination of the record will reveal the status of litigation with certainty and without resort to extrinsic evidence." Id.
The three-year period designated by the legislature balances plaintiff's right to have his day in court as well as the right of the defendant to adequately defend himself. Willey v. Roberts, 95-1037 (La.App. 1st Cir.12/15/95), 664 So.2d 1371. Article 561 prescribes a method of enforcing a substantive right and is therefore considered as a procedural rule of law. In 1997, the legislature intended the procedural change, shortening of the abandonment period from five to three years, to be applied retroactively. Bourgeois v. Veal, 99-0786 (La.5/7/99), 740 So.2d 1291; Coe v. State, Health Care Authority, 32,635 (La.App.2d Cir.2/1/00), 751 So.2d 432.
A party takes a step in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, supra. In Chevron Oil Co., supra., the plaintiff argued that correspondence filed in the record indicating extensive negotiations between the parties was sufficient to interrupt the tolling of the five-year abandonment period. In dicta, the court noted that ongoing negotiations did not prevent any counsel from taking some formal action (or step) in the trial court within the intent of La. C.C.P. art. 561.
In this case, Antoine's counsel argues that the trial court erred in granting the judgment of dismissal based on abandonment. Antoine filed a motion to set for trial on the merits on June 16, 1998. Three years later Antoine filed a motion to set a status conference on July 11, 2001. Clearly, each of these items was filed after the action was considered abandoned by operation of law. Therefore, even if we accepted that these items constituted steps in the prosecution, the jurisprudence indicates that any steps taken after abandonment has accrued are ineffective. See Semel v. Green, 252 La. 386, 211 So.2d 300 (1968); Family Federal Savings & Loan Association of Shreveport v. Huckaby, 32-456 (La.App. 2 Cir. 10/27/99), 743 So.2d 874.
Further, he contends that judgment of dismissal was a final appealable judgment because the judgment dismissed his entire lawsuit. We agree, however, this is of no moment in light of our disposition of the issue of whether the trial court erred in granting the judgment of dismissal.

DECREE
For the reasons stated above, we conclude that this case was properly dismissed on the ground of abandonment under La. C.C.P. art. 561. The judgment of the trial court is affirmed, at plaintiff's cost.
AFFIRMED.