11 JONES, Judge.
The instant cases were consolidated by order of this Court. The appeals were consolidated for judicial efficiency because the second appeal was filed seven years after the first appeal. However, both appeals relate back to only one district court judgment rendered on May 25, 1994. We dismiss this consolidated appeal as abandoned.
Ann Bell and Ken Bell (hereinafter “the Bells”), and Mr. and Mrs. Jerome Baehr[1] owned a building on Magazine Street in New Orleans. They sued for a cancella *1141 tion of a lease they claimed was improperly recorded against the property by Vernon Pettigrew, Jr., D.V.M. The Bells executed a written instrument containing an offer to the “Cat and Dog Clinic” to lease the commercial space. The Bells maintained that they executed the instrument in anticipation of the creation of a partnership by the Bells, Mr. Pettigrew and Mr. Pettigrew’s wife for the purposes of conducting a veterinary practice.
li>We are of the opinion that the merits of this case are not of issue at this time and we continue our discussion by outlining the procedural history that formulates the basis of the argument of this Court.
The Bells originally filed a Writ of Mandamus against Mr. Gasper Schiro, Registrar of Conveyances, and Mr. Pettigrew[2], in January 1991. Mr. Pettigrew filed a Reconventional Demand for Breach of Lease and Damages. A trial on the merits was held on July 21, 22 and October 29, 1993. The district court rendered judgment on May 25, 1994, finding in favor of the Bells. The district court ordered the lease null, the inscription of the lease can-celled, and appointed Mr. Harold Asher, a C.P.A., to:
... perform a full accounting of the enterprise carried on through the investment and efforts of petitioners Anna B. and Kenneth A. Bell and the defendant Pettigrew at 1823 Magazine Street1 from its inception through November 29, 1990 and the accounting to be returned to the Court within 30 days of receipt of all documentation from the litigants, together with a recommendation for the partition of any property that appears to be co-owned by petitioners Bell and defendant Pettigrew and for adjustments between the parties that may appeal necessary to bring into balance the expenses incurred by them respectively on the maintenance and management of any co-owned property or joint operation.
Mr. Pettigrew filed a Motion for New Trial which was denied, and then timely filed an appeal[3] with this Court to review the dismissal of his reconventional demand. On September 29, 1995, Mr. Petti-grew filed with this Court a motion to suspend the briefing pending final disposition of the accounting claim. The motion Uwas granted on October 4, 1995 “pending a request from counsel to assign new scheduling dates.”
On February 26, 1999, we dismissed the appeal as abandoned pursuant to Rule 20(A) of the La. Rules of Court and La. Code Civ. Pro. art. 561(C) (discussed infra). On April 1, 1999, this Court signed an Order reinstating the appeal “pending conclusion of the matter in the Trial Court by Final Judgment”. Meanwhile, in district court, the Bells filed a motion for entry of a formal order of dismissal of the remaining action, the partition and accounting. The Bells argued in district court that the claim was abandoned. On April 24, 2000, the district court granted the motion and the action was dismissed. Mr. Pettigrew, on May 10, 2000, filed a Motion to Vacate the dismissal order which was denied after a June 16, 2000 hearing. Thus the second appeal was timely filed on June 19, 2000.
On appeal, Mr. Pettigrew raises three assignments of error, all of which relate back to the initial judgment of the district court dated May 25, 1994. However, this Court is of the opinion that Mr. Petti-grew’s appeal remains abandoned. Fur *1142 ther, the assignments are rendered moot because of the dismissal of the remainder of the action as abandoned on April 24, 2000.
An appeal is abandoned when the parties fail to take a step in its prosecution or disposition for the period provided in the rules of the appellate court. La. Code Civ. Pro. art. 561. Except as provided hereafter when no activity occurs in an appeal for three years, the appeal shall be dismissed as abandoned, and notice, thereof shall be sent to the appellant or the appellant’s attorney at the last address shown on the court’s record. La. Rules of Court Rule 20(A).
This Court reinstated the initial appeal on April 1, 1999. Prior to thereto, Mr. Pettigrew had taken no steps in the legal process to preserve his appeal. The 1¿abandonment of the first appeal by Mr. Pettigrew, and the subsequent finding by this Court that the underlying lawsuit was indeed abandoned, was a final act notwithstanding this Court’s reinstatement of his appeal. Any steps taken in prosecution of a lawsuit after abandonment has accrued are ineffective. Washington v. City of Baton Rouge, 99-1987 (La.App. 1 Cir 2/18/00), 752 So.2d 367. Further, this Court reasoned in Pichon v. Reynolds, 02-0044 (La.App. 4 Cir. 7/31/02), 828 So.2d 599, that “in keeping with the self-operative effect of the abandonment provision, our Supreme Court has said that formal action ‘before the court and on the record’ is necessary for a ‘step’ in the prosecution”. Citing Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). In Pichón, the plaintiff argued that the trial court erred in granting the judgment of dismissal based on abandonment. The plaintiff filed a motion to set for trial on the merits on June 16, 1998. Three years later he filed a motion to set a status conference on July 11, 2001. This Court concluded that “clearly, each of these items was filed after the action was considered abandoned by operation of law. Therefore, even if we accepted that these items constituted steps in the prosecution, the jurisprudence indicates that any steps taken after abandonment has accrued are ineffective. See Semel v. Green, 252 La. 386, 211 So.2d 300 (1968); Family Federal Savings & Loan Association of Shreveport v. Huckaby, 32-456 (La.App. 2 Cir. 10/27/99), 743 So.2d 874. Therefore, Mr. Pettigrew’s subsequent filing of his brief on August 23, 2002, did not constitute a formal step in the prosecution. Once Mr. Pettigrew motioned this Court to reinstate his appeal, he still did nothing to maintain preservation of the appeal that warranted reinstating.
Further, Mr. Pettigrew argues that he was awaiting accounting and partition in district court in order to proceed with his appeal. Yet, that too was abandoned under La.Code Civ. Pro. art. 561(A), “... [a]n action is abandoned when the parties Isfail to take any step in its prosecution of defense in the trial court for a period of three years ...”
Mr. Pettigrew argues that the first judgment by the district court was partial and therefore he could not appeal until an accounting and partition made it final. However, Mr. Pettigrew also abandoned the case in the district court as well as his appeal. Further, the issues in the first judgment in which he attempts to appeal are now moot.
[An] issue is “moot” when judgment or decree on that issue has been deprived of practical significance or made abstract or purely academic. Cat’s Meow, Inc. v. City of New Orleans Through Dept. of Finance, 720 So.2d 1186, (La.10/20/98). In order to avoid deciding abstract, hypothetical or moot questions, courts require cases submitted for *1143 adjudication to be justiciable, ripe for decision, and not brought prematurely. Id. A decision from this Court on the merits of this case would be of no significance since the remaining action was dismissed by the district court.
The Bells argue that this Court erred in rescinding our dismissal order in the first appeal. Although we above establish that the abandonment was final notwithstanding the reinstatement, the Bells’ argument is improperly before this Court because they failed to file an Answer to Mr. Pettigrew’s appeal.
Decree
For the reasons stated herein, this appeal is dismissed as abandoned.
APPEAL DISMISSED AS ABANDONED.

. The original petition and subsequent filed documents never state Mrs. Baehr’s first name.

. The defendants/appellants in this case are referred to as one party only, that being Mr. Pettigrew.

. Case# 1995-CA-0114.