I MAMES F. McKAY III, Judge.
BACKGROUND DISCUSSION OF THE PERTINENT FACTS:
At issue is whether the trial court erred in dismissing this case, filed in 1991[1] by appellant[2], as abandoned, and if so, whether the dismissal should have been with prejudice, as was so ordered. The crux of the matter involves whether appellant’s filing a‘ Third Set of Interrogatories in the record in 1998, but.not serving it on all parties — especially the judgment debtor[3], interrupted the three year abandonment period, and whether, when, in another three years, or 2001, in response to appellant’s Motion to Compel Answers to the Third Set of Interrogatories, the appel-lees’ [4] attempts to have the case declared abandoned were properly granted.[5]
The original litigation in this conflict sought to collect on at least one promissory note[6] that had been personally guaranteed by James B. Goldsmith, the president of his family company, Bernard Lumber Company, which saw its demise pin the l980’s. The appellant, holder of the note(s), was successful in obtaining money judgments.[7] This appeal involves the particular “oblique” or revocatory suit that sought money from James B. Goldsmith’s separate property, his mother, his deceased father, the defunct lumber company, and his children’s trust. These parties included Bernard H. Goldsmith[8], Leone[9] Goldsmith[10], Robin W. Goldsmith[11], the *126 Goldsmith Children’s trust, the Jason Charles Goldsmith Trust[12], M.J. Robi-chaux, Jr., Michael B. McCrossen and Bernard Lumber Company Slidell, Inc.[13]
A dilatory exception of lack of amicable demand was maintained on October 1, 1991. Discovery and limited motions followed. At one point, the trial court granted a protective order to limit the appellant’s discovery that was later modified by the Louisiana Supreme Court[14], but a provision requiring a Whitney CEO to attest to discovery matters remained intact.[15] Allegedly, the last affidavit by a Whitney CEO was dated October 28, 1993.[16] In 1995, the trial court compelled discovery of certain banking records of Robin Goldsmith, and she was ordered to pay sanctions August 31,1995.
The appellant propounded a Third Set of Interrogatories on August 24, 1998, allegedly specifically to interrupt the abandonment period. These interrogatories were addressed separately to Bernard H. Goldsmith and James B. |3Goldsmith. R. King Milling, counsel for appellant, signed an attached certificate of service saying that all counsel of record had been served.[17] The appellant argues that this discovery effort is the interruption that prevents abandonment of the case from 1995 to 2001. The crux of the main argument presented herein is that the discovery was never served on James B. Goldsmith or his attorney and, hence, that it was not served on all parties.[18] However, appellant points out that then counsel[19] for defendants[20] filed a motion to withdraw as counsel August 26,1998 and sent correspondence that day to James B. Goldsmith, Bernard H. Goldsmith and Leone[21] Goldsmith, informing them of the motion to withdraw and referencing the August 24, 1998 correspondence received from the appellant that “need[ed] to be responded to within fifteen (15 days).” The appellant then filed a Motion to Compel in 2001 that was heard October 12, 2001 and denied October 29, 2001 on the basis that the above mentioned discovery allegedly propounded in 1998 was never served on James B. Goldsmith or his counsel.[22]
*127 Then, on November 20, 2001, James B. Goldsmith filed a Rule to Show Cause Why the Case Should Not- Be Abandoned. Robin Goldsmith filed a Motion to Dismiss for Abandonment on March 28, 2002. On April 11, 2002, the appellant, James B. Goldsmith and Robin Goldsmith appeared for a hearing. The trial court held a status conference in chambers. The trial court dismissed thé cáse as |4abandoned, evidently because the three year abandonment period was not interrupted on August 24, 1998, since not all parties had been served with the Third Set of Interrogatories, essentially finding that six years had lapsed without a step in the prosecution between 1995 and 2001. A judgment was signed to that effect April 23, 2002, dismissing the action with prejudice. There were no reasons for judgment. ■ A motion for new trial was filed and a hearing was held July 26, 2002. A subsequent status conference was held September 9, 2003. The motion was denied September 23, 2003, with the trial court specifically finding that the case had properly been dismissed with prejudice.
APPLICATION OF THE FACTS TO THE LAW:
Pursuant to La. C.C.P. art. 561[23], an action is abandoned when the parties fail to take any step in its prosecution or de: fense in the trial court for a period of three years, to the 1997 amendment to article 561, shortening the abandonment period from five to three years, which we have given retroactive application. Alexander v. Liberty Terrace Subdivision, Inc., 99-2171 (La.App. 4 Cir. 4/12/00), 761 So.2d 62.
Article 561 requires that plaintiffs show three specific things to interrupt abandonment: (1) they took some step in the prosecution of their lawsuit; (2) they did so on the record in the trial court; and (3) they did so within the legislatively prescribed time period of the last step taken by either party. Clark v. State Farm Mutual Automobile Insurance Co., 2000-3010 (La.05/15/01), 785 So.2d 779. As we stated in Pichon v. Reynolds, 02-0044, 02-0045 (La.App. 4 Cir. 7/31/02), 828 So.2d 599, 600, writ denied 2002-2856 (La.2/25/03), 841 So.2d 756, the abandonment rule implicates two competing policies. The prevention of protracted litigation, filed for purposes of harassment or without serious intent to hasten the claim to judgment, is balanced against the maintenance of an action whenever possible so as to afford an aggrieved party his day in court. Abandonment is not a punitive measure-it is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Benjamin-Jenkins v. Lawson, 00-0958 (La.App. 4 Cir. 3/7/01), 781 So.2d 893; Shulver v. Slocum, 566 So.2d 1089 (La.App. 2 Cir. 8/22/90). Accordingly, unless a party to the action takes a step in the prosecution or defense of the action within three years from the time the last step was taken by either party, his case can be dismissed on the basis of abandonment. A step in the prosecution or defense of an action occurs whenever a party takes a formal action *128 that is intended to hasten the matter to judgment. Breaux v. Auto Zone, Inc., 00-1534 (La.App. 1 Cir. 12/15/00), 787 So.2d 322, 324.
Jurisprudence has established specific situations where the court found that certain actions on the part of either plaintiff or defendant should be construed as an act in furtherance of the prosecution or defense of a lawsuit, or conduct sufficient to waive abandonment, for example:
1. Mailing of discovery interrogatories by plaintiff to defendant, (or vice versa);[24]
| fi2. An insurer’s unconditional tender of benefits (acknowledgement and waiver);[25]
3. Taking a deposition;
4. Trial judge’s act of calling a post-trial conference.[26]
These encompass only a few of the circumstances set out and specifically addressed in this state’s cases and the history of the statute on abandonment of cases. This list is merely exemplary, not exclusive.
It is important to note that our courts have clearly established their intent, i.e., that abandonment is not meant as a ground to dismiss actions on mere technicalities, but to dismiss actions, which in fact have clearly been abandoned, and that the presumption of abandonment that arises as a result of three years of litigation, inactivity is not conclusive.[27] Additionally, the article on abandonment is to be liberally construed in favor of maintaining a plaintiffs suit.[28] The court has been generally reluctant to uphold dismissals where it. appeared a plaintiff had not evidenced an intention to abandon a case.[29]
In Young v. Laborde, 576 So.2d 551, 552 (La.App. 4 Cir. 2/28/91), this Court stated that: “... where, ... there is some reasonable question about abandonment of the demand, any doubt should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment.”
|7La. C.C.P. art. 1474(C)(4) states that “[t]he serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of any action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.” La. C.C.P. art. 1313(B), relative to service of pleadings subsequent to the original petition, mandates that “[w]hen service is made by mail, delivery, or facsimile transmission, the party or counsel making service shall file in the record a certificate of the manner in which service was made.” For purposes of article 1313, discovery does not appear to be a pleading. See. La. C.C.P. art. 852. Finally, La. C.C.P. art. 561(B) states that “[a]ny formal discovery as authorized by this Code and served on all parties whether or not filed in the record ... shall be deemed a step in the prosecution or defense of an action.”
*129 La. C.C.P. art. 561 was amended in 1997 (effective July 1, 1998) to specifically provide that discovery served upon all parties was a step in the prosecution of a case. Thus, for purposes of abandonment, it is clear that discovery must be served upon all parties, not just the party from whom or to whom the discovery was directed. La. C.C.P. art. 1474(C)(4) was enacted in 1989 with the purpose of affirmatively indicating that discovery need not be filed in the record to constitute a step in the prosecution of a case. Article 561, being the later enactment specific to the purpose of abandonment and discovery, controls.
Article 1313 does not require a certificate of service on discovery because discovery is not a pleading. A party or the party’s counsel merely must sign discovery. La. C.C.P. art. 1420.
|sIn this case, the appellant produced the August 24, 1998 letter of R. King Milling identifying the Interrogatories that had been sent to Bernard H. Goldsmith and James B. Goldsmith. Attached to Milling’s letter were returns of service to attorneys Douglas S. Draper[30], Barbara H. Weiss, Paul J. Masinter and Daniel R. Martiny. This evidence in the record supports a finding that all parties were served save for James B. Goldsmith in his individual capacity. However, it appears James B. Goldsmith was in fact served in his capacity as trustee for the Jason Charles Goldsmith Trust.[31] We refuse to find abandonment based on such a mere technicality in light of the wealth of jurisprudence holding against such a result.
We specifically find our holding in Ben-jamifir-Jenkins distinguishable from the facts of this case. There, doctors and a hospital were sued in medical malpractice. One defendant doctor served unsigned interrogatories on the plaintiff, but not on the remaining defendants. The plaintiff never responded. We found that the unsigned interrogatories were null and void, and in fact held that no discovery had taken place to interrupt the abandonment period. We therefore found that the defendants’ subsequent arguments to have the case declared abandoned were correct. Also, we note that there the plaintiff did nothing to respond to the discovery attempts, leading to a finding that the case had in fact been abandoned. In contrast, here, the plaintiff has aggressively and systematically sought to insure that the ’ case would not be declared abandoned and in fact served a valid discovery device in 1998 for that very purpose.
We find the appellant produced sufficient evidence to show that James B. Goldsmith was served, albeit not in his personal capacity, with the 1998 discovery. The evidence produced shows that James B. Goldsmith had actual knowledge of the 1998 discovery 19attempt, actual knowledge being an all-important factor in our inquiry. The evidence also shows that all other parties were served. The record shows that appellant has exhibited every intent not to have the suit declared abandoned as is evidenced by its careful filing of the discovery device on August 24, 1998, within the three year period that began on August 31, 1995, the date of the previous activity in the suit, namely the sanction ordered against Robin Goldsmith. Any other reading of abandonment would be punitive to the appellant and would give hyper-technical reading to the rules of *130 abandonment, a result forbidden by long standing precedent.
Accordingly, we reverse the trial court’s judgment finding the matter had been abandoned and dismissed with prejudice and remand the matter for further proceedings.
REVERSED AND REMANDED.
KIRBY, J., dissents.
LOVE, J., dissents with reasons.

. At one point this case was consolidated with two others, 89-12915 and 89-21682, but they are not the subject of this appeal.

. Whitney National Bank.

. James B. Goldsmith.

. James B. Goldsmith and Robin Goldsmith, wife of James B. Goldsmith. Robin Goldsmith and James B. Goldsmith maintained separate estates. Robin Goldsmith was sued in her capacity as a minority shareholder and one of several corporate officers of Bernard Lumber Company on the theory that she owed obligations to Bernard Lumber Company as a shareholder and officer, and as such, could be held personally liable on the debts created by the promissory notes.

. The trial court granted the abandonment April 23, 2002, and then later denied a motion for new trial on the same issue September 23, 2003.

. The total amount the appellant alleges it is owed is in the neighborhood of $2.5 million.

. Not included in this record.

. Father of James B. Goldsmith.

. Sometimes spelled Leona in the record.

. Mother of James B. Goldsmith.

. The aforementioned wife of James B. Goldsmith.

. James B. Goldsmith is a trustee of this trust.

. Petition not included in record. Conclusions drawn from briefs.

. Whitney National Bank v. Bernard H. Goldsmith, 619 So.2d 536 (La.1993).

. Not included in record.

. Not included in record.

. The certificate incorrectly refers to the discovery as the Second Set of Interrogatories.

. Robin Goldsmith also argues that the discovery device lacked the required court attestation referred to above.

. Barbara H. Weiss.

. The motion to withdraw stated that Weiss was counsel for "certain defendants in the above-referenced action, including, but not limited to, M.J. Robichaux, Jr., Bernard H. Goldsmith (individually and as trustee for the James B. Goldsmith Children's Trust), Leone M. Goldsmith, James B. Goldsmith (as trustee for the Jason Charles Goldsmith trust) and Robin W. Goldsmith (as trustee for the James B. Goldsmith Trust).”

. Also referred to as Leona.

. The trial court ruling stated: "Considering the record in this matter, the pleadings filed herein, arguments and evidence represented by counsel, this Court finds as a matter of fact that plaintiff’s Third Set of Interrogatories propounded to James B. Goldsmith, individually, were not served at any time by plaintiff upon defendant or upon defendant's counsel of record, Justin A. Zitler. Accordingly, plaintiff’s Motion to Compel Discovery response thereupon is denied.”

. La. C.C.P. art. 561 provides, in pertinent part, in section A(l) and (2), that:
(1) An action is abandoned when the parties fail to take any step' in its prosecution or defense in the trial court for a period of three years, unless it is a succession.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

. Charpentier v. Goudeau, 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981.

. Clark v. State Farm Mut. Auto Ins. Co., 2000-3010 (La.5/15/01), 785 So.2d 779.

. Jefferson Indoor Shooting Center, Inc. v. New Orleans Sports, Inc., 95-1978 (La.App. 4 Cir. 3/14/96), 671 So.2d 976.

. Reed v. Finklestein, 2001-1015 (La.App. 4 Cir 1/16/02), 807 So.2d 1032, citing Clark.

. Causey v. Caterpillar Machinery Corp., 2002-0746 (La.App. 4 Cir. 6/26/02), 822 So.2d 188.

. Naccari v. Namer, 2001-2410 (La.App. 4 Cir. 2/6/02), 809 So.2d 1157.

. Draper replaced Weiss after her withdrawal.

. Motion to Withdraw as Counsel; August 26, 1998, wherein Weiss identified James B. Goldsmith as trustee for Jason Charles Goldsmith Trust.