| | | |
|---|---|---|
| LETICIA HERNANDEZ-GONZALEZ, ET AL. | * | NO. 2015-CA-0948 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| BOARD OF COMMISIONERS OF PORT OF NEW ORLEANS, ET AL. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2007-16139, DIVISION "L-6"
Honorable Kern A. Reese, Judge

* * * * * *

**Judge Tiffany G. Chase**

* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Tiffany G. Chase)

**JENKINS, J., CONCURS IN THE RESULT**

Ivan Alberto Orihuela
RIGUER SILVA, LLC
3213 Florida Avenue
Suite C
Kenner, LA 70065

     COUNSEL FOR PLAINTIFF/APPELLANT

Leo Raymond McAloon, III
Ernest Paul Gieger, Jr.
GIEGER LABORDE & LAPEROUSE,  L.L.C.
701 Poydras Street
Suit 4800
New Orleans, LA 70139-4800

Thomas A. Rayer, Jr.
Eric J. Blevins
WAGNER, BAGOT & RAYER, LLP
601 Poydras Street
Pan American Life Center-Suite 1600
New Orleans, LA 70130-6158

     COUNSEL FOR DEFENDANTS/APPELLEES

          **APPEAL DISMISSED AS ABANDONED**
          **NOVEMBER 4, 2019**

Leticia Hernandez-Gonzalez (hereinafter "Mrs. Hernandez-Gonzalez") seeks review of the trial court's November 8, 2011 judgment granting summary judgment in favor of Pacorini Holding, LLC (hereinafter "Pacorini") and the June 4, 2012 judgment granting summary judgment in favor of the Board of Commissioners of Port of New Orleans (hereinafter "the BOC"). After consideration of the record before this Court, and the applicable law, we dismiss Mrs. Hernandez-Gonzalez's appeal as abandoned.

## Procedural History

Mrs. Hernandez-Gonzalez filed a petition for damages on December 24, 2007, naming Pacorini and the BOC as defendants. Mrs. Hernandez-Gonzalez alleged that the negligent acts of Pacorini and the BOC ultimately led to the death of her husband.[1] On March 28, 2011, Pacorini filed a motion for summary judgment.[2] By judgment dated November 8, 2011, the trial court granted Pacorini's motion for summary judgment, dismissing the claims against it asserted in the petition for damages. Mrs. Hernandez-Gonzalez filed a motion for appeal of the

_____

[1] The underlying facts of this matter are not relevant to the current opinion.
[2] Pacorini initially filed a motion for summary judgment, against Mrs. Hernandez-Gonzalez, on October 2, 2008.

trial court's judgment on December 12, 2011. The order was signed by the trial court on December 20, 2011.

On April 16, 2012, the BOC also filed a motion for summary judgment. By judgment dated June 4, 2012, the trial court granted the BOC's motion for summary judgment, dismissing the claims against it by Mrs. Hernandez-Gonzalez. On July 5, 2012, Mrs. Hernandez-Gonzalez filed a motion for appeal of the trial court's judgment granting the BOC's motion for summary judgment. The trial court signed the order granting the motion on July 10, 2012.

On July 26, 2012, the trial court issued a cost notice to Mrs. Hernandez-Gonzalez advising that the cost of the appeal was due August 15, 2012. Mrs. Hernandez-Gonzalez did not pay the cost until July 22, 2015. Thereafter, the BOC filed two motions to dismiss the appeal as abandoned on September 4, 2015. The BOC filed one motion in the trial court and a second, identical, motion with this Court. On September 16, 2015, this Court denied the BOC's motion to dismiss the appeal.

However, the BOC's motion to dismiss the appeal filed in the trial court was granted on October 19, 2015. On the same date, Mrs. Hernandez-Gonzalez filed a motion to suspend briefing schedule with this Court. In her motion, she provided that the briefing delays should be suspended in light of her desire to appeal the trial court's judgment granting the BOC's motion to dismiss appeal. On October 21, 2015, the BOC filed a re-urged motion to dismiss appeal arguing that the appeal should be dismissed in light of the trial court's judgment dismissing the appeal. On October 23, 2015, this Court granted the motion to suspend briefing schedule and denied the BOC's re-urged motion to dismiss appeal.

3

On November 17, 2015, Mrs. Hernandez-Gonzalez filed a motion to set aside judgment of dismissal in the trial court. Due to issues regarding service of process, the motion to set aside judgment of dismissal was not heard until November 30, 2018.[3] By judgment dated November 30, 2018, the trial court denied the motion to set aside judgment. Mrs. Hernandez-Gonzalez filed a motion for appeal with the trial court on January 21, 2019. This motion sought to appeal the October 19, 2015 judgment dismissing the appeal and the November 30, 2018 judgment denying her motion to set aside judgment.[4]

On May 22, 2019, this Court ordered Mrs. Hernandez-Gonzalez to show cause, within fifteen (15) days, why the current appeal should not be dismissed as abandoned. On June 6, 2019, she responded to this Court's order, arguing that her appeal should not be dismissed as abandoned because the briefing delays were suspended and no notice was provided, from this Court, that the appeal would be dismissed in 30 days unless a brief was filed.

On June 26, 2019, this Court lifted the suspension and issued a notice of briefing delays. Pursuant to this Court's notice, Mrs. Hernandez-Gonzalez's brief was due July 22, 2019 with the BOC's and Pacorini's briefs due August 12, 2019. On August 9, 2019, this Court issued a notice to Mrs. Hernandez-Gonzalez advising that her brief was past due and as a result, her right to oral argument had been forfeited pursuant to Rule 2-12.12 of the Louisiana Uniform Rules, Courts of Appeal. The notice further advised that the appeal would be dismissed if a brief was not received within thirty (30) days of the mailing of the notice. Mrs.

_____

[3] The original hearing date of January 15, 2016 did not proceed due to lack of service. Mrs. Hernandez-Gonzalez subsequently filed a motion to reset hearing on motion to set aside judgment of dismissal on August 21, 2018.
[4] As of the date of this opinion, the appeal of these judgments has not been lodged with this Court.

4

Hernandez-Gonzalez's brief was not filed until September 6, 2019. The BOC's brief was received on September 23, 2019. After receiving an extension from this Court to file its brief, Pacorini's brief was received on October 3, 2019.

## Discussion

Pursuant to La. C.C.P. art. 2165, an appeal is abandoned when the parties do not take any steps toward the prosecution or disposition, of the matter, for the period provided in the appellate court rules. *See also Bell v. Schiro*, 2000-2024, p. 3 (La.App. 4 Cir. 3/12/03), 842 So.2d 1139, 1142 (citing La. C.C.P. art. 561). Local Rules, Rule 20, Louisiana Court of Appeal, Fourth Circuit provides that "when no activity occurs in an appeal for three years, the appeal shall be dismissed as abandoned."

In the case *sub judice*, the last step towards the prosecution or disposition of the matter, by either party, was the filing of the re-urged motion to dismiss filed by the BOC on October 21, 2015. Therefore, Mrs. Hernandez-Gonzalez had until October 21, 2018 to proceed with the appeal. The record is clear that Mrs. Hernandez-Gonzalez has been dilatory with her pursuit of this matter. No activity occurred in this appeal until Mrs. Hernandez-Gonzalez filed a response to this Court's rule to show cause order on June 6, 2019. Accordingly, this appeal is dismissed as abandoned.

## Decree

For the reasons stated herein, this appeal is dismissed as abandoned.

**APPEAL DISMISSED AS ABANDONED**

5